# In the United States Court of Federal Claims

No. 25-1126
(Filed: 17 July 2025)
NOT FOR PUBLICATION

```
***************************************
RICHARD KOSMAS KATSIGIANIS,          *
                                     *
                Plaintiff,           *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
                Defendant.           *
                                     *
***************************************
```

## ORDER

On 2 July 2025, *pro se* plaintiff Richard Kosmos Katsigianis filed a complaint in this Court against the United States. *See* Compl., ECF No. 1. Plaintiff alleges "a pattern of trespass, coercion, retaliation, fraud upon the court, and deprivation of rights under color of law by state and federal actors." *Id.* at 1. Plaintiff is seeking "$1.3 billion in monetary damage awards including punitive elements derived from unrebutted commercial contract and federal claims." *Id.* at 6. In conjunction with the Complaint, plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"). *See* Mot. for Leave to Proceed IFP ("IFP Appl."), ECF No. 3.

Turning first to plaintiff's IFP application, pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A plaintiff need not "be absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). An affidavit demonstrating plaintiff cannot pay the fee or provide security and "still be able to provide [plaintiff] and dependents 'with the necessities of life'" is sufficient. *Id.*; *see Waltner v. United States*, 93 Fed. Cl. 139, 143 (2010) (stating the proper inquiry when considering an application to proceed IFP is whether "paying such fees would constitute a serious hardship on [] plaintiff, not that such payment would render plaintiff destitute" (quoting *Fiebelkron v. United States*, 77 Fed. Cl. 59, 62 (2007))).

The Court of Federal Claims provides a form application to proceed IFP with questions to assist the Court in determining whether plaintiff should be allowed to proceed IFP. Although plaintiff completed questions 1–2 and 4–7, he did not fully complete question 3 and did not answer question 8. *See* IFP Appl. at 2. Accordingly, the Court denies plaintiff's IFP application

for being incomplete.  Plaintiff shall therefore file a completed IFP application on or before 18 August 2025.

Next, plaintiff failed to provide a physical mailing address or an e-mail address to the Court.[1]  *See generally* Compl.  The Clerk's Office, however, was able to obtain a mailing address used by plaintiff in *Katsigianis v. Mahoning County Municipal Corporation et al.*, No. 25-cv-664-JRA (N.D. Ohio), which was dismissed for lack of jurisdiction.  Until the Court is provided with a physical mailing address by plaintiff, the Court is forced to serve plaintiff through the address obtained by the Clerk's Office:  Richard Kosmas Katsigianis, 143 Center Street, Struthers, Ohio 44471.  To allow future service in this case, plaintiff must provide the Court with an updated mailing address on or before 18 August 2025.  Additionally, the Court has attached its e-notification consent form to this Order, and the Clerk's Office will forward the form to plaintiff.  *See* Attach. 1, ECF No. 6-1.  If plaintiff wishes to receive e-notification moving forward, plaintiff must complete and file the enclosed form.

Turning next to plaintiff's Complaint, plaintiff claims his "Complaint arises from a pattern of trespass, coercion, retaliation, fraud upon the court, and deprivation of rights under color of law by state and federal actors operating under the guise of judicial and administrative authority, despite clear notice of federal protections, jurisdictional objections and the existence of a private trust with standing recognized under federal law."  *See* Compl. at 1.  Plaintiff's Complaint identifies six claims for relief:  (1) violation of due process and equal protection; (2) trespass on trust res and fiduciary interference; (3) retaliation and color of law violations; (4) administrative obstruction and record tampering; (5) breach of federal fiduciary duty; and failure to protect IRS-recognized entity; and (6) breach and enforcement of equity contract in triple default (commercial law).  *See id.* at 4–5.  In doing so, plaintiff seeks:  (1) "[d]eclaratory judgment affirming the Richard Kosmas Katsigianis Trust© as a federal protected trust entity;" (2) "inunction against all state action interfering with trust operations, including . . . contempt proceeding;" (3) "[a]dministrative correction of record including docket restoration and factual record of notice;" and (4) "[m]onetary damages for fiduciary interference, rights violatios, and retaliatory acts, exceeding $1.3 billion including punitive elements derived from unrebutted commercial contract and federal claims."  *Id.* at 5–6.  Plaintiff claims "[o]n multiple occasions between 2023 and 2025, [p]laintiff issued jurisdictional objections to state court proceedings initiated under the Mahoning County Juvenile Court, including . . . hearings scheduled for December 2024 and July 9, 2025."  *Id.* at 2.  Plaintiff further avers he filed these objections under Title 18 U.S.C. §§ 241, 242, and UCC 1-308 and 1-103.  *See id.*  Plaintiff contends "[t]he state court has repeatedly refused to acknowledge said objections, failed to enter filings into the record, and issued orders falsely stating that [p]laintiff failed to notify or appear, despite formal executor notice being returned and confirmed delivered."  *Id.*  Noting his "indigent status was affirmed on appeal in connection with earlier proceedings," plaintiff argues "the lower court continue[d] to demand new affidavits or filing fees in direct violation of procedural law and appellate mandate."  Compl. at 3.  According to plaintiff, the court "falsely claimed that [he]

---

[1] While plaintiff did not provide the Court with a physical address or email address, plaintiff filed a sealed motion for leave to electronically file documents.  *See* Sealed Mot. for Leave to Electronically File Docs., ECF No. 2.  This Motion also did not provide plaintiff's physical address or email address.  *See id.*  The Motion was also not proper as it is not the Court's standard form plaintiff must use to receive e-notifications and file documents electronically.  *See id.*  Accordingly, the Court must deny plaintiff's Motion.

failed to appear or provide notice in prior proceedings, despite proper service of jurisdictional objection and document return," where the documents "included red ink markings stating 'No Contract' and citations to Title 18 U.S.C. §§ 241 and 242, and UCC 1-207, 1-308, and 1-103, signed under threat, duress, and coercion." *Id.* at 8. Plaintiff also claims he "submitted a Rule 5.1 constitutional challenge and a Monell claim in the U.S. District Court for the Northern District of Ohio." *Id.* at 2. Plaintiff further claims those filings were dismissed without a proper hearing, which violates the federal rules of appellate procedure rule 10(e). *See id.* at 3. Plaintiff also argues the subsequent silence from the courts after his filings were dismissed contribute to the ongoing harm but does not articulate how. *See id.* "In addition, to all above-referenced violations, [p]laintiff issued a formal equity contract to the court and state officers which has entered administrative triple default under commercial law. This equity contract, lawfully perfected and unchallenged within the required timeframe, accounts for the bulk of damages claimed herein, totaling nearly $1.3 billion in commercial and punitive liability." *Id.* at 3–4.

      Following review of the Complaint, the Court suspects it lacks jurisdiction over plaintiff's claims. Many of plaintiff's claims are against state actors or the federal judiciary. *See generally* Compl. Additionally, plaintiff has not cited a money mandating statute pursuant to the Tucker Act, which provides the Court jurisdiction. *See generally id.* The Tucker Act limits this court's subject matter jurisdiction to claims brought against the United States grounded on a money-mandating source of law and not sounding in tort. *See* 28 U.S.C. § 1491(a)(1). This court has no jurisdiction over claims against parties other than the United States. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [Court of Federal Claims], or if its maintenance against private parties is prerequisite to prosecution of the suit against the United States the suit must be dismissed." (citations omitted)). In addition, "it is well-settled that [the Due Process and Equal Protection] constitutional provisions are not money-mandating." *See Spain v. United States*, 277 F. App'x 988, 989 (Fed. Cir. 2008) (*nonprecedential*). Further, to the extent plaintiff seeks equitable relief, the Court of Federal Claims does not have jurisdiction to grant such relief. *See Richardson v. Morris*, 409 U.S. 464, 465 (1973) ("[T]he [Tucker] Act has long been construed as authorizing only actions for money judgments and not suits for equitable relief against the United States. The reason for the distinction flows from the fact that the Court of Claims has no power to grant equitable relief[.]" (citation omitted)). Similarly, regarding plaintiff's request for punitive damages, the Court lacks jurisdiction to grant punitive damages and "may not impose liability beyond the scope of the sovereign's waiver of immunity as set forth in the Tucker Act." *Kerrigan v. United States*, No. 10-755, 2011 WL 4036180, at *5 (Fed. Cl. Sept. 9, 2011) (dismissing plaintiff's claims for punitive damages); *see Woods v. United States*, 139 F. App'x 267, 268–70 (Fed. Cir. 2005) (unpublished) (affirming dismissal of claims requesting punitive damages against the government for lack of subject matter jurisdiction). Even though plaintiff also claims a breach of contract with the court and government officers, plaintiff has not coherently articulated the government was a party to the contract. *See generally* Compl. "To prove the existence of a contract with the government, a plaintiff must prove four basic elements: (1) mutuality of intent to contract; (2) offer and acceptance; (3) consideration; and (4) a government representative having actual authority to bind the United States." *Hometown Fin., Inc. v. United States*, 409 F.3d 1360, 1364 (Fed. Cir. 2005) (citation omitted). Under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"), "[i]f the court determines at any time that it

lacks subject-matter jurisdiction, the court must dismiss the action."  Thus, the Court suspects it does not have subject matter jurisdiction here because plaintiff seeks equitable and punitive relief, and his claims are against private individuals and not money-mandating.  *See* RCFC 12(h)(3).

As discussed *supra*, the Court **DENIES** plaintiff's IFP application, ECF No. 3, as deficient.  As such, plaintiff **SHALL FILE** a *completed* IFP application **on or before 18 August 2025**.  Also, as plaintiff has failed to provide a physical mailing address or an e-mail address to the Court, plaintiff **SHALL PROVIDE** the Court a correct physical mailing address **on or before 18 August 2025**.  The Court further **DENIES** plaintiff's Motion for Leave to Electronically File Documents, ECF No. 2, and **DIRECTS** the Clerk's Office to forward the attached e-notification consent form, ECF No. 6-1, to plaintiff, which plaintiff can complete to receive e-notifications in this case.  Finally, the Court **ORDERS** plaintiff to **SHOW CAUSE on or before 18 August 2025**.  In responding to this Show Cause Order, plaintiff **SHALL**:  (1) identify which source(s) of money-mandating law he is invoking; (2) identify how his claims are against the United States; and (3) explain why this court has jurisdiction over this case.  Accordingly, the Court **STAYS** the government's answer or any other responsive briefing pending future order of the Court.   Should plaintiff fail to comply with this Order **on or before 18 August 2025**, the Court will have no choice but to dismiss this case without prejudice for failure to prosecute and failure to comply with a court order.  *See* RCFC 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it.").

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge
