**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**KATSIGIANIS v. UNITED STATES**

**Case No. 1:25-cv-01126**

**Judge: Hon. Ryan T. Holte**

**EMERGENCY MOTION TO STRIKE ORDER OF AUGUST 6, 2025 AND DEMAND FOR IMMEDIATE ENTRY OF DEFAULT JUDGMENT AND ENFORCEMENT**

COMES NOW, Richard K. Katsigianis, solely in his capacity as Executor for the Richard Kosmas Katsigianis Trust©, and moves this Honorable Court to STRIKE the Court's August 6, 2025 Order setting a new briefing schedule for the Defendant and staying further response to Plaintiff filings. Said Order was entered *after* the expiration of the Court's original August 5, 2025 deadline and *after* Defendant has entered double default. This Motion is brought pursuant to RCFC 7(b), 55(b), and 60(a), the Due Process Clause of the Fifth Amendment, and all equitable powers vested in this Court.

## I. PROCEDURAL BACKGROUND

1. On July 21, 2025, Plaintiff submitted a Conditional Settlement Offer to the Department of Justice and Department of Treasury, with a 72-hour acknowledgment and 10-day performance requirement.

2. That Offer was entered into the Court record on July 23, 2025 (ECF No. 7).

RECEIVED - USCFC

AUG 0 7 2025

3.  The Court, through Order, set an explicit deadline of August 5, 2025, for the Government to respond.

4.  As of **11:59 p.m. on August 5, 2025**, no response, answer, motion, or filing of any kind was made by the Department of Justice.

5.  The Government is therefore in:

    o  **Commercial Default**: For failure to respond to the direct settlement offer;

    o  **Judicial Default**: For failure to comply with a Court-ordered deadline.

6.  On August 6, 2025, the Court issued an **unauthorized extension** (ECF No. 11), now giving the Defendant until **October 6, 2025** to respond, and **staying all responses to future filings by Plaintiff.**

7.  Plaintiff's Emergency Motion to Enforce and Enter Default Judgment was **mailed on August 6, 2025**, prior to the issuance of the Court's August 6 order, and will arrive at the Court by August 7, 2025.

## II. GROUNDS TO STRIKE COURT ORDER AS ULTRA VIRES AND PREJUDICIAL

8.  The Court's August 6 order is procedurally defective and must be **STRICKEN** for the following reasons:

a. **Violation of RCFC 55(b)**: Once default occurs, the non-defaulting party is entitled to judgment as a matter of course, absent good cause shown. The Court cannot sua sponte revive a defaulted Defendant's response window.

b. **Prejudice to Plaintiff**: Plaintiff complied with every deadline and relied on the August 5, 2025 deadline to initiate enforcement action. Reopening the timeline **prejudices** the Plaintiff after full procedural compliance.

c. **Due Process Violation**: Allowing Defendant to avoid default **after default has occurred**, with no showing of excusable neglect or formal motion to reopen, is a deprivation of due process and a denial of equal protection.

d. **Improper Stay**: The stay of Plaintiff's right to reply to further government filings is improper, retaliatory, and grants the defaulting party asymmetric procedural advantage.

e. **Lack of Motion or Cause**: The DOJ did not file a motion to extend time or show cause. The Court acted **unilaterally** in contradiction of procedural norms.

## III. MANDATORY JUDICIAL OBLIGATION AND CONSTITUTIONAL LIMITS

9.  A court cannot ignore a matured contract or delay judgment once default has been established without violating the fundamental obligations of the judiciary. As held in **Marbury v. Madison**, 5 U.S. (1 Cranch) 137, 177 (1803): *"It is emphatically the province and duty of the judicial department to say what the law is."*

10. The Court's authority is constrained by law. As established in **United States v. Dayton**, 604 F.2d 931, 935 (5th Cir. 1979): *"A court's order entered without jurisdiction or authority is void."* The August 6, 2025 Order was entered after default without lawful basis and is thus void ab initio.

11. The Plaintiff, as Executor for a federally recognized trust entity, is owed heightened fiduciary protection. The Court's duty is not merely procedural but **fiduciary in nature** under Trust Law, RCFC 17(c), and binding precedent. Failing to act risks **conversion of trust res, deprivation of property rights**, and subjects the judiciary to **fiduciary liability.**

12. Should the Court continue to delay or refuse enforcement in the face of established double default, it risks incurring sanctions for bad faith, judicial estoppel, and obstruction of equitable relief under **RCFC 11** and applicable equity principles.

## IV. MANDATORY JUDICIAL DUTY TO ENFORCE FINALIZED CONTRACT AND TRUST RIGHTS

13. Once default is entered, the Court has no discretion to delay enforcement. Pursuant to **RCFC 55(b)**, Plaintiff is entitled to judgment as a matter of law. The judiciary cannot override a matured contract nor reframe settled obligations.

14. As reaffirmed in **Marbury v. Madison**, 5 U.S. (1 Cranch) 137, 177 (1803):

    *"It is emphatically the province and duty of the judicial department to say what the law is."*

    This duty forbids rewriting procedural obligations or protecting a defaulting party post-deadline.

15. The Court is further bound by **United States v. Dayton**, 604 F.2d 931, 935 (5th Cir. 1979):

    *"A court's order entered without jurisdiction or authority is void."*

The August 6, 2025 Order is void ab initio and must be stricken for lack of authority after final default.

16. Under **RCFC 17(c)** and prevailing trust law, Plaintiff—as Executor of the Richard Kosmas Katsigianis Trust©—is owed heightened fiduciary protection. The Court is obligated to prevent loss, conversion, or delay in settlement of trust res.

17. Continued obstruction or refusal to enforce judgment constitutes breach of fiduciary obligation, actionable deprivation of property rights, and triggers liability under **RCFC 11** for bad faith conduct. If the Court permits further delay, Plaintiff reserves the right to pursue sanctions and equitable remedies against both DOJ and judicial actors under **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971).

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully demands the following relief:

1. STRIKE the August 6, 2025 Order in its entirety;

2. IMMEDIATELY ENTER DEFAULT JUDGMENT pursuant to RCFC 55(b) based on:

    o   Defendant's judicial default;

    o   Defendant's commercial and contractual default;

    o   Full procedural compliance and performance by Plaintiff;

3. GRANT ENFORCEMENT of all terms listed in Plaintiff's Conditional Settlement Offer (ECF No. 7);

4.  ORDER payment of the $1 billion fiduciary settlement **within 72 hours**;

5.  MANDATE completion of all non-monetary terms **no later than August 15, 2025**;

6.  LIFT the improper stay imposed on Plaintiff;

7.  IMPOSE sanctions or declare estoppel against any further DOJ objection or delay under RCFC 11;

8.  GRANT any other and further relief the Court deems proper and just.

Respectfully submitted,

**/s/ Richard K. Katsigianis**

Executor, Richard Kosmas Katsigianis Trust©

Email: kis.telcom@gmail.com

Date: August 6, 2025

**Extremely Urgent**

RICHARD KATSIGIANIS
419-348-7713
RICHARD KATSIGIANIS
143 CENTER ST
STRUTHERS  OH 44471-2043

0.2 LBS LTR          1 OF 1

RECEIVED
AUG -7 2025
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

SHIP TO:
CLERK COURT
U.S. COURT OF FEDERAL CLAIMS
717 MADISON PL NW
WASHINGTON  DC  20439-7700

 MD 201 9-84

UPS NEXT DAY AIR          1
TRACKING #: 1Z 5AR 157 01 9255 2143



BILLING: P/P

XOL 25.08.01          NV45 32.8A 08/2025*





**UPS**

Express